**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1681
_____

ANGELA SMITH,
                                        Appellant

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 11-cv-07589)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2012
_____

Before: SLOVITER, AMBRO and BARRY, Circuit Judges

(Opinion Filed:  November 27, 2012)
_____

OPINION
_____

BARRY, Circuit Judge

      Angela Smith appeals from a Rule 12(b)(6) dismissal of the two remaining counts

of her three-count complaint against State Farm Mutual Automobile Insurance Company

("State Farm"). We will affirm.

## I. Background

On February 24, 2010, Smith was injured in an automobile accident caused by Brian Griffaton. Her injuries included herniated discs and cervical radiculopathy. Smith learned that Griffaton had only a $15,000 policy with Nationwide, and so, on October 25, 2010, she filed a claim with State Farm, with which she had a policy for Underinsured Motorist ("UIM") coverage of up to $45,000.

We summarize those events which led to the issue now before us:

October 27, 2010: Adjuster Kevin McDonnell is assigned to Smith's UIM claim. He requested further information and documentation, including total liability insurance available to Smith, a proposed release for the third party claim, an affidavit of all household insurance policies, and authorization to review her medical payments file.

December 2, 2010: State Farm consented to Smith's $15,000 settlement with Nationwide, Griffaton's insurer, and waived subrogation.

December 8, 2010: Smith supplied medical records and noted her excess medical bills were currently $26,474.

January 3, 2011: Smith provided an affidavit of no health insurance and demanded full tender of the $45,000 UIM limit.

January 7, 2011: State Farm repeated its October 27th request for authorization, stating that it needed the authorization to obtain pre-accident health records as well as a pre-accident workers' compensation claim.

January 26, 2011: Smith returned the requested authorization and disclosed her pre-accident healthcare providers. Again, she demanded the $45,000 coverage limit.

March 22, 2011:    Smith supplied additional health records and reiterated her demand for $45,000.

April 13, 2011:    State Farm made an initial settlement offer of $21,000.

April 19, 2011:    Smith rejected the $21,000 offer and demanded the $45,000 policy limit within twenty days. Smith stated that the excess medical bills now totaled more than $28,000.

April 20, 2011:    Recognizing that negotiations had reached an impasse, State Farm requested the necessary tax information to issue payment of the initial $21,000 offer, to serve as a minimum recovery pending further negotiations. McDonnell advised he did not have the authority to resolve Smith's claim at the demanded $45,000 policy limit.

April 25, 2011:    Smith reiterated her April 19th demand for $45,000 to be paid within twenty days of the April 19th letter.

State Farm paid Smith $21,000 and emphasized the payment was made without prejudicing her right to receive a higher amount after further negotiations.

May 11, 2011:      McDonnell again advised he did not have authority to resolve the claim for $45,000 and requested any additional information or a different demand.

August 19, 2011:   Smith provided an additional medical report and demanded that the remaining $24,000 of the policy limit be paid within twenty days. Smith claimed that excess medical bills had reached nearly $30,000.

August 25, 2011:   State Farm increased its settlement offer to $32,225, inclusive of its previous $21,000 payment, and requested a response.

Smith responded on November 16, 2011 by filing a three-count complaint against

State Farm in the Court of Common Pleas of Philadelphia County. The complaint

3

asserted claims for bad faith under 42 Pa. Cons. Stat. § 8371 ("§ 8371") (Count I); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-1, *et seq*. (Count II); and breach of contract (Count III). On December 12, 2011, State Farm removed the case to the District Court based on diversity jurisdiction, and soon thereafter, moved to dismiss under Rule 12(b)(6). On February 16, 2012, the District Court granted State Farm's motion as to Counts I and II and remanded Count III. Smith timely appealed.

## II. Jurisdiction & Standard of Review

The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1332(d). We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of an order granting a Rule 12(b)(6) dismissal is plenary. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). We must decide whether the complaint[1] contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although we must accept as true the complaint's allegations and reasonable inferences drawn therefrom, we "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

---

[1] A court can also look to exhibits attached to the complaint and matters of public record. *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) (citing *Lum v. Bank of Am.,* 361 F.3d 217, 221 n.3 (3d Cir. 2004)).

4

### III. Analysis

#### A. Bad Faith (Count I)

A claim based on an insurer's bad faith conduct against an insured is recognized in Pennsylvania by means of § 8371. Pennsylvania courts define bad faith in this context as "[a] frivolous or unfounded refusal to pay proceeds of a policy . . . a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d. Cir. 2005) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990))). A two-part test is applied to bad faith claims brought under § 8371, both elements of which must be supported by clear and convincing evidence: (1) whether the insurer lacked a reasonable basis for denying benefits under the insured's policy, and (2) whether the insurer knew or recklessly disregarded the lack of a reasonable basis. *See id*; *Keefe v. Prudential Prop. & Cas. Ins. Co.,* 203 F.3d 218, 225 (3d Cir. 2000); *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1142 (Pa. Super. Ct. 2006). "[B]ad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages." *Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 784 (Pa. Super. Ct. 2009) (citing *Condio*, 899 A.2d at 1142–43).

On its face, Smith's complaint (to which was attached copies of the parties' correspondence) fails to allege a legally sufficient cause of action for bad faith under § 8371. The complaint consists of conclusory statements unsupported by facts—State

Farm, e.g., "breach[ed] covenants of good faith and fair dealing," (Compl. ¶ 62(r)), and "engag[ed] in unfair settlement negotiations." (Compl. ¶ 62(u)). There are no details describing what was unfair about the negotiations. Similarly, Smith simply asserts that State Farm "intentionally misrepresent[ed] coverage in the policy," (Compl. ¶ 62(d)), and "misrepresent[ed] facts and its evaluation of Plaintiff's claim," (Compl. ¶ 62(k)), without explaining what those misrepresentations may have been.

Not only is the complaint replete with broad and conclusory statements, but several of those statements are plainly contradicted by the facts of the case. Smith states that State Farm "fail[ed] to properly investigate [her UIM claim]," (Compl. ¶ 62(a)), and "fail[ed] to timely respond to inquiries and correspondence." (Compl. ¶ 62(f), (m)). The course of the parties' dealings, as seen in the exhibits Smith attached to her complaint which we have summarized above, clearly does not support these statements. To the contrary, State Farm promptly opened a claim at Smith's request, assigned an adjuster within two days, consented to settlement with the tortfeasor's insurance company, waived subrogation, made an initial settlement offer, and issued payment for the initial offer. There was never a break in communications or a period in which State Farm was unresponsive. Smith also states that State Farm "fail[ed] to make payments of undisputed amounts of coverage owed to Plaintiff," (Compl. ¶ 62(n)). This, too, is incorrect. State Farm did issue payment for its initial offer, $21,000, even though it was under no duty to do so. *See Keefe*, 203 F.3d at 228 (noting an insurer is not required to pay a partial settlement absent a request from the insured).

6

There was, to be sure, a disagreement over the amount of the settlement of Smith's UIM claim. This, of course, is not unusual. *See Johnson*, 987 A.2d at 785 (stating that "[t]he underlying facts involve nothing more than a normal dispute between an insured and insurer over the value of an UIM claim . . . [a] routin[e] [scenario] in the processing of an insurance claim."). However, the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith. The District Court did not err in dismissing Count I.

## B. UTPCPL (Count II)

The UTPCPL prohibits "unfair methods of competition" and "unfair or deceptive acts or practices." *See* § 201-2(4) (listing prohibited conduct). It includes a private-plaintiff standing provision which "creates a private right of action in persons upon whom unfair methods of competition and unfair or deceptive acts or practices are employed and who[,] *as a result*, sustain an ascertainable loss." *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) (quoting *Toy v. Metro. Life. Ins. Co.*, 928 A.2d 186, 191 n.4 (citing 73 Pa. Cons. Stat. § 201-9.2) (emphasis added))). Thus, a private plaintiff pursuing a claim under the UTPCPL must prove justifiable reliance. *Id*. at 221 & 224 (citing Pennsylvania authority, including *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001) and *Schwartz v. Rockey*, 932 A.2d 885, 897 n.16 (Pa. 2007)).

Although, as the District Court properly noted, Smith may have alleged wrongful conduct, she did not allege actions pursued on the basis of that conduct. Because justifiable reliance is a necessary element for standing under the UTPCPL's private-

7

plaintiff standing provision, and reliance cannot be presumed, *Hunt*, 538 F.3d at 227, the District Court did not err in dismissing Count I.[2]

### IV. Conclusion

The order of the District Court will be affirmed.

---

[2] Given this disposition, we need not reach the issue of whether Smith also failed to allege other essential elements of a UTPCPL claim, namely deceptive or fraudulent conduct by State Farm.